UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GILBERT F. PETERS,
            Plaintiff,                      Case No. 07-13505

vs.                                       DISTRICT JUDGE GERALD E. ROSEN
                                           MAGISTRATE JUDGE STEVEN D. PEPE

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,
            Defendant.
=========================/

## REPORT AND RECOMMENDATION

**I.    BACKGROUND**

Gilbert Peters brought this action under 42 U.S.C. § 405(g) and § 1383(c)(3) for judicial review of the Commissioner's final decision that Plaintiff was not entitled to Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. On November 9, 2007, Defendant filed a Motion to Dismiss Plaintiff's Complaint for failure to file within 60 days as required by 42 U.S.C. § 405(g) (Dkt. #8), which has been referred pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the following reasons, it is **RECOMMENDED** that Defendant's Motion to Dismiss be **GRANTED**.

Plaintiff filed for SSI benefits in February 2004, alleging that he had been disabled since 1973 (R. 41-42). On June 22, 2006, Administrative Law Judge ("ALJ") John Ransom issued a decision denying Plaintiff's claim for benefits (R. 16-23). Plaintiff filed a request for review of this decision with the Appeals Council (R. 11). On January 11, 2007, the Appeals Council issued a letter denying Plaintiff's request for review of the decision denying his application for

1

SSI benefits (R. 3-5). This action by the Appeals Council rendered the ALJ's decision the "final decision" of the Commissioner. *See* 20 C.F.R. § 404.981.

In its letter, the Appeals Council informed Plaintiff that it had denied his request for review, and that he had the right to commence a civil action within sixty (60) days from the time he received the letter (R. 3-5). The Appeals Council letter also stated that the Agency would presume that Plaintiff received the letter five days after the date stamped on the letter, and that if Plaintiff could not file a complaint within the 60 day period, he could request an extension of time from the Appeals Council in which to commence a civil action in federal court. Plaintiff filed his complaint for judicial review on August 20, 2007 (Dkt. #1).

## II.　ANALYSIS

### A.　Standards of Review

It is well settled that "[t]he United States, as sovereign, 'is immune from suit save as it consents to be sued, . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981), quoting *United States v. Testan*, 424 U.S. 392, 399 (1976) and *United States v. Sherwood*, 312 U.S. 584, 586-87 (1941).

Congress may prescribe the procedures and conditions under which judicial review of an administrative order may be obtained. *See Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958). Judicial review of final decisions on claims arising under Titles XVI of the Social

Security Act is set out in 42 U.S.C.§ 1383(c)(3)[1] which incorporates 42 U.S.C. § 405(g). Section 405(g) states:

> (g) Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a ***civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow***. * * * (emphases added.)

The remedy provided by section 405(g) is exclusive as noted in section 405(h):

> (h) The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. ***No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided***. No action against the United States, the Commissioner, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter (emphases added).

Thus, the Act makes clear that the only civil action permitted on any claim arising under Title XVI of the Social Security Act is an action to review the "final decision of the Commissioner made after a hearing," and that such action must be "commenced within sixty days after the mailing to [the party bringing the action] of notice of such decision or within such further time as the Commissioner may allow." The Agency's regulations define "mailing" as the date the individual receives the Appeals Council's notice of denial of request for review. *See* 20 C.F.R. § 422.210(c); *see also* 20 C.F.R. § 404.981. The date of receipt is presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary made to the Appeals Council. *See* 20 C.F.R. §§ 404.901, 422.210(c).

---

[1] 42 U.S.C.A. § 1383(3):
The final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title.

B. **Factual Analysis**

The Complaint in the present case fails because it was not filed within 60 days after the presumptive receipt of notice by Plaintiff of the Commissioner's final decision. The Appeals Council issued its denial letter on January 11, 2007 (R. 3-5). Plaintiff had 65 days from this date to request an extension from the Appeals Council or file his Complaint in federal court. The 65th day following the date of the denial fell on March 17, 2007. As demonstrated in the transcript of the administrative record, Plaintiff did not request an extension from the Appeals Council, nor did he attempt to show that he failed to receive notice of the Appeals Council's decision within five days of its mailing. Instead, he filed his Complaint on August 20, 2007, almost five months later. Thus, he failed to file his complaint in a timely manner as prescribed by Congress.

The 60 day statute of limitations period provided by Congress in section 405(g) serves "to move millions of cases to speedy resolution in a bureaucracy that processes millions of cases annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). Further, the Supreme Court has observed that Congress "plainly evidenced" its intent to provide a 60-day limit on judicial review, and that such "conditions on the waiver of sovereign immunity must be strictly construed."[2] *Califano v. Sanders*, 430 U.S. 99, 108 (1977). The Sixth Circuit has also upheld the

---

[2] In *City of New York*, the Supreme Court ruled that the 60-day period specified in section 405(g) is a period of limitation which in a rare case can be tolled by the Commissioner or the courts. The Court stated, however, that in most cases the Commissioner should make the determination whether to extend the 60-day period and that only "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate" should the courts extend the period. *City of New York*, 476 U.S. at 480, quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976).
  In this case, Plaintiff did not request an extension of time in which to file his civil action. Nor did he allege that he failed to receive notice of the Appeals Council's decision within five days, either to the Appeals Council or to this Court. No facts appear to be present in this case which would justify tolling of the limitations period. Accordingly, Plaintiff's Complaint should be dismissed with prejudice.

4

60-day time limitation in *Biron v. Harris*, 668 F.2d 259, 260-261 (6th Cir. 1982); *see also Whipp v. Weinberger*, 505 F.2d 800 (6th Cir. 1974). In accordance with the statutory provisions and case law outlined above, Plaintiff's complaint should be dismissed, as it was filed more than 60 days after receipt of the Commissioner's final decision.

### III. RECOMMENDATION

For the reasons stated above, it is **RECOMMENDED** that Defendant's Motion to Dismiss be **GRANTED**. The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local, 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: January 15, 2008                                     s/Steven D. Pepe
Ann Arbor, Michigan                                       United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing ***Report and Recommendation*** was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 15, 2008.

                                         s/ Alissa Greer
                                         Case Manager to Magistrate
                                         Judge Steven D. Pepe
                                         (734) 741-2298