UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GILBERT F. PETERS,

       Plaintiff,

                                  Case No. 07-13505
v.                                 Hon. Gerald E. Rosen

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## ORDER DENYING PLAINTIFF'S
## MOTION FOR RELIEF FROM ORDER

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on         July 11, 2014      

PRESENT: Honorable Gerald E. Rosen
                      Chief Judge, United States District Court

In an order and accompanying judgment dated September 30, 2008, the Court granted the Defendant Commissioner of Social Security's motion to dismiss and dismissed this case with prejudice. Plaintiff Gilbert F. Peters then filed a post-judgment motion in which he sought an injunction directing the Defendant Commissioner to pay him the Social Security benefits to which he claimed to be entitled,[1] but the Court denied this motion in an order issued on May 8, 2009.

---

[1] In light of the Court's September 30, 2008 ruling, it is clear that Plaintiff has never established his entitlement to any such benefits. To the contrary, the Court dismissed Plaintiff's underlying suit due to his failure to timely seek judicial review of a decision to deny him benefits.

Since the Court entered this May 8, 2009 order, Plaintiff has twice sought relief from this ruling under Fed. R. Civ. P. 60(b). Plaintiff's first such motion was filed back in September of 2009, but the Court denied this motion in an order dated November 17, 2009, and the Sixth Circuit affirmed this ruling in an August 10, 2011 order. Nearly two years later — and over four years after the Court issued its May 8, 2009 order — Plaintiff again seeks to challenge the Court's May 8, 2009 ruling, this time arguing that relief is warranted under an unspecified subsection of Rule 60(b) due to an alleged "fraud upon the court." As explained briefly below, Plaintiff's present motion is subject to denial on at least two separate grounds.

First, Plaintiff has untimely filed his motion over four years after the Court entered the May 8, 2009 order that he wishes to challenge. Assuming that Plaintiff's claim of "fraud upon the court" is governed by the standards of Rule 60(b)(3), *see, e.g., Green v. Bank of America Corp.,* No. 12-2275, 530 F. App'x 426, 431 (6th Cir. July 17, 2013) (looking to Rule 60(b)(3) in evaluating a claim of fraud on the court), Plaintiff was required to bring his Rule 60(b) motion "no more than a year after the entry of the . . . order" from which he seeks relief. Fed. R. Civ. P. 60(c)(1). Alternatively, if Plaintiff's request for relief is instead viewed as governed by the "catchall" provision at Rule 60(b)(6), *see Carter v. Anderson,* 585 F.3d 1007, 1011 (6th Cir. 2009) (opining that "[a] Rule 60(b)(6) motion is an appropriate vehicle to bring forward a claim for fraud on the court"), such a motion "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1).

2

Absent an explanation for the delay — and Plaintiff has not offered one — a four-year wait to file a Rule 60(b)(6) motion is not reasonable. *See General Medicine, P.C. v. Horizon/CMS Health Care Corp.,* No. 10-1315, 475 F. App'x 65, 75-76 (6th Cir. Apr. 10, 2012) (finding that a four-year delay was not reasonable).

In any event, even assuming that Plaintiff's present motion had been timely filed, he has not remotely identified any "fraud on the court" that would warrant relief from the Court's May 8, 2009 order, whether under Rule 60(b) or through some other means. It is evident throughout Plaintiff's motion that his complaint with the May 8, 2009 ruling is that the Court failed to recognize that a default judgment was (or should have been) entered against the Defendant Commissioner.[2] Yet, as the Court explained in its May 8, 2009 order, each of Plaintiff's several requests for entry of a default judgment against the Defendant Commissioner "was denied, and properly so." (5/8/2009 Order at 2; *see also Peters v. Commissioner of Social Security,* No. 10-1098, Sixth Circuit 8/10/2011 Order at 2 (holding that this Court correctly denied Plaintiff's prior Rule 60(b) motion because "no default judgment had been entered against the Commissioner").) Because Plaintiff's real complaint, once again, is that he has been unable to secure a default judgment against the

---

[2]Thus, as the Court observed in its November 17, 2009 order denying Plaintiff's previous motion for relief under Rule 60(b), Plaintiff's challenge to the May 8, 2009 order boils down to a claim "that the Court committed legal error" in this ruling. (11/17/2009 Order at 2.) Properly construed, then, Plaintiff's present motion, like his earlier one, should be viewed as brought under Rule 60(b)(1), and "such a motion based on legal error must be brought within the normal time for taking an appeal." (*Id.* (internal quotation marks and citation omitted).) This provides still another basis for concluding that Plaintiff's present motion was untimely filed.

3

Defendant Commissioner, and because this Court has already ruled on this matter in its May 8, 2009 and November 17, 2009 orders — with the Court of Appeals having affirmed the latter of these two rulings — Plaintiff has failed to suggest any basis for relief from the Court's May 8, 2009 ruling.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's June 26, 2013 motion for relief from order (docket #50) is DENIED.

                                    s/Gerald E. Rosen
                                    Chief Judge, United States District Court

Dated: July 11, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 11, 2014, by electronic and/or ordinary mail.

                                    s/Julie Owens
                                    Case Manager, (313) 234-5135